```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                        :
MICHAEL ROSE,                           :
                                        :
                    Petitioner,         :
            v.                          :    10-CV-2331 (BSJ)
                                        :    Order
ANTHONY ZON, Superintendent,            :
Livingston Correctional Facility,       :
and ANDREW M. CUOMO, Attorney           :
General of the State New York,          :
                                        :
                    Respondents.        :
                                        :
---------------------------------------X
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are the objections of Habeas Petitioner Michael Rose ("Petitioner" or "Rose") to the Report and Recommendation ("R&R") of Magistrate Judge Michael H. Dolinger recommending the denial of Rose's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court adopts the Report and Recommendation, overrules Rose's objections, and DENIES the Petition.

## LEGAL STANDARD

When a magistrate judge has issued findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part." 28 U.S.C. § 636(b)(1)(C). The Court reviews de novo any portions of a Magistrate Judge's R&R to which a petitioner has stated an

objection. 28 U.S.C. § 636(b)(1)(C); see United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). "Where no objections are filed...the court reviews the report for clear error." Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006) (citing Gardine v. McGinnis, No. 04 Civ. 1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec 20, 2006)).

## BACKGROUND[1]

On March 16, 2010 Petitioner moved for a writ of habeas corpus on the grounds that the trial court's withholding of an agency instruction violated his federal due process right to a fair trial. On May 4, 2011 Magistrate Judge Dolinger's issued an R&R and recommended that the petition be denied. The R&R based this recommendation on the totality of the evidence presented at trial. Noting the lack of any preexisting relationship between Petitioner and the buyer and Petitioner's receipt of a substantial benefit arising from the transaction, the report finds that "there was no reasonable view of the evidence that could support an agency defense." (Report at 32).

---

[1] The facts and procedural history of this case are set forth in detail in Magistrate Judge Dolinger's Report and Recommendation, familiarity with which is presumed.

Petitioner principally objects to Magistrate Judge Dolinger's Report on the grounds that the Magistrate Judge viewed the evidence in the light most unfavorable to Rose. This Court disagrees. The Magistrate Judge correctly stated the law and correctly applied it to the evidence in the light most favorable to Petitioner. Petitioner also objects that the Report insufficiently heeds the however slight standard in finding that he was not entitled to an agency charge. This Court disagrees, and finds instead that the Magistrate Judge correctly applied the appropriate evidentiary standard. Furthermore, Petitioner objects to the Report's finding that the trial court's withholding of an agency charge did not violate his due process right to a fair trial. This Court finds that because Petitioner was not entitled to an agency charge, the trial court did not violate his due process rights by withholding such an instruction. Finally, Petitioner disputes Judge Dolinger's conclusion that he is not entitled to federal habeas corpus relief under 28 U.S.C. § 2254(d)(2). This Court finds that because the trial court did not err in withholding an agency charge, Petitioner is not entitled to habeas relief.

## DISCUSSION

### 1. The Trial Court Construed the Evidence in the Light Most Favorable to the Defendant

Petitioner argues that the R&R fails to construe the evidence in the light most favorable to him. In particular, Petitioner contends that the R&R incorrectly concludes there is no basis for an agency charge because Rose and the buyer did not have a pre-existing relationship. Petitioner also claims that the R&R failed to consider Petitioner's retention of the third bag of crack in the light most favorable to him. The Court will consider each of these objections in turn.

Petitioner claims that the following evidence, viewed in the light most favorable to him, demonstrates that an agency charge is appropriate even if there is no pre-existing relationship between the buyer and the seller. First, Petitioner contends that because he initially refused to assist the buyer, there existed sufficient evidence for a jury to find that he lacked any independent purpose to promote the transaction, and instead viewed his efforts as a favor. Second, Petitioner argues that his conduct was sufficiently distinguishable from that of a prototypical "steerer" to render an agency charge appropriate. Third, Petitioner contends that his

4

willingness to hand over personal property as security demonstrates further that he lacked any independent motive to profit from the drug transaction. Finally, Petitioner argues that the Report fails to properly consider evidence of a relationship between himself and Vargas.

This Court disagrees with Petitioner, and finds that the Report in fact viewed the evidence relating to his relationship with the buyer in the light most favorable to him. A buyer's status as an undercover officer is not dispositive with respect to Petitioner's entitlement to an agency instruction. However, the absence of a pre-existing relationship between Petitioner and the undercover officer militates strongly against any inference that Petitioner acted solely as the buyer's agent. See, e.g., Herring, 632 N.E.2d at 1273. Moreover, in no case cited by the Petitioner did a court grant an agency instruction when defendant not only bought drugs for an undercover officer, but also unilaterally kept some portion of the purchase for himself. (Pet'r's Br. at 14-17 (collecting cases)). In this case, Petitioner led the buyer, a complete stranger, to a location 16 blocks away and unilaterally retained a substantial percentage of the purchased narcotics. Accordingly, no reasonable view of the evidence supports

5

the inference that Petitioner acted as the buyer's agent during the drug transaction at issue.

Furthermore, Petitioner's initial refusal to assist the buyer to purchase drugs does not weigh in favor of an agency charge. Petitioner cites Oliver for the proposition that a defendant's lack of any "independent desire" beyond assisting the buyer to procure narcotics favors an agency charge. However, in Oliver, the defendant had a pre-existing relationship with the buyer. 471 N.Y.S.2d at 885. Furthermore, the buyer and seller were already in the same building when the buyer expressed interest in purchasing narcotics, and defendant merely introduced the two. Id. In this case, however, Petitioner walked 16 blocks with a complete stranger in order to facilitate the transaction. Moreover, Petitioner willingly offered his personal belongings when the buyer demanded security in order to complete the purchase. Even viewed in the light most favorable to Petitioner, this undisputed evidence precludes any inference that Petitioner viewed his efforts to assist the buyer - a complete stranger - as a mere "favor" under New York law.

Similarly, Petitioner's willingness to offer his personal property as security does not weigh in favor of an agency charge. Even viewed in the light most favorable to

Petitioner, this Court finds that Petitioner's willingness to risk personal property to procure narcotics on behalf of a stranger suggests that he indeed had an independent purpose of benefiting from the transaction. Furthermore, even assuming that this evidence could reasonably be viewed as favoring an agency charge, "the mere coincidence of one or more" factors are insufficient to require an agency charge when the totality of circumstances militates in favor of withholding such an instruction. People v. Simpson, 85 A.D.2d 306, 310 (N.Y. App. Div. 1982). Accordingly, because this evidence fails to outweigh the undisputed factors militating against an agency charge, the trial court did not err in withholding such an instruction from the jury.

Finally, this Court disagrees that Petitioner's pre-existing relationship with Vargas, rather than the buyer, was sufficient to favor an agency charge. Petitioner concedes that he was merely "familiar" with Vargas. Thus, Petitioner did not have a sufficiently close relationship with Vargas to support any reasonable inference that Petitioner assisted the buyer on the premise that Vargas proposed the transaction at issue. See Argibay, 379 N.E.2d at 194 (speculating that defendant might have received an

7

agency charge on the basis of his brother's relationship with the buyer).

Even if this Court accepted Petitioner's argument that the R&R erroneously assumed a relationship between himself and the seller, New York law would nevertheless provide no basis for an agency charge. See Herring, 632 N.E.2d at 1273 (evidence serving "merely to raise ambiguities about the defendant's connection to the seller" is insufficient to support an agency charge).

Beyond the evidence pertaining to his relationship with the buyer, Petitioner argues that the Report also fails to view the following evidence of his receipt of a benefit in the light most favorable to him. Petitioner contends first that the Report errs in finding that he kept a substantial, rather than merely incidental, quantity of narcotics. In addition, Petitioner argues that the Report places excessive weight on the fact that he unilaterally retained a benefit without having previously discussed the possibility of his doing so with the buyer. This Court overrules each objection, and finds that the Report did not err in its analysis of the evidence.

Petitioner argues that, viewed in the light most favorably to him, he retained merely "$10 dollars worth of drugs out of the $50 given to the seller" and thus did not

8

receive a substantial benefit from the transaction. A defendant's receipt of an incidental benefit does not necessarily preclude an agency charge. See, e.g., Roche, 45 N.Y.2d at 85 ("This is not to say...that the acceptance of any benefit must preclude the assertion of the defense as a matter of law."). However, when defendants have retained a substantial percentage of the money or narcotics involved in even a small transaction, New York courts have declined to give an agency charge. See, e.g., People v. Williams, 289 A.D.2d 62 (N.Y. App. Div. 2001) (declining to categorize as "merely incidental" defendant's retention of forty percent of pre-recorded buy money). In this case, Petitioner unilaterally retained a full thirty-three percent of the transaction value. Thus, this Court finds that the Report did not err in finding that Petitioner retained a substantial benefit from the transaction at issue.

Even if the undercover officer in fact gave Petitioner $50 rather than the agreed upon $40 of buy money, there would exist no basis for an agency charge under New York law. It is true, as Petitioner notes, that courts have permitted agency instructions despite a defendant's receipt of a relatively large benefit. However, Petitioner can cite no case where a defendant was deemed entitled to such

9

an instruction despite having unilaterally retained a benefit. In this case, Petitioner not only retained a full thirty-three percent of the transaction value, but did so without any prior discussion with the buyer. Accordingly, the retained bag of cocaine cannot be considered a "share, a tip or reimbursement for expenses [offered by the buyer] as a token of friendship or appreciation for the favor." Lam Lek Chong, 407 N.Y.S.2d at 681. Instead, because Petitioner's benefit constituted a substantial award, the trial court did not err in withholding an agency instruction.

Petitioner argues also that the Report fails to construe the absence of any prior discussion between himself and the buyer in the most favorable light. Relying on Spradley, Petitioner contends that the trial court should have inferred that he made a reasonable assumption that the bag of cocaine that he kept implicitly represented a token of the buyer's appreciation. However, in Spradley, defendant testified that before agreeing to purchase narcotics, she had asked the undercover officer whether she could get something out of the transaction. People v. Spradley, 249 A.D.2d 339, 340 (2d Dep't 1998). Therefore, it was reasonable for the defendant to assume that the small portion that she retained was an "incidental benefit"

10

offered by the undercover officer based on their previous conversation regarding compensation. In this case, however, no such discussion took place between Petitioner and the buyer. Thus, this Court finds that no reasonable view of the evidence supports the inference that Petitioner reasonably assumed that the narcotics he kept represented an implicit token of the buyer's appreciation.

Ultimately, under New York law, a trial judge must consider the totality of circumstances and focus on the parties' conduct during the drug transaction to determine whether the evidence reasonably supports an agency theory. See, e.g., People v. Ortiz, 76 N.Y.2d 446, 448 (1990); Roche, 379 N.E.2d at 212. A defendant is not entitled to an agency instruction unless some reasonable view of the evidence supports the theory that the defendant was acting only on behalf of the buyer. People v. Herring, 632 N.E.2d 1272, 1273 (N.Y. 1994). It is undisputed that Petitioner led an undercover officer – a complete stranger – to a location sixteen blocks away from their initial encounter, purchased narcotics purportedly on behalf of the officer, and unilaterally retained one-third of the purchased crack cocaine. (Pet'r's Br. at 2-4). Even viewed in the light most favorable to Petitioner, the totality of this evidence

11

precludes any reasonable inference that Petitioner was entitled to an agency charge under New York law.

### 2. The Court did Correctly Apply the However Slight Standard

Petitioner contends that the Report misapplied the appropriate standard in finding that he was not entitled to an agency instruction. This Court disagrees. A trial court is required to charge a jury on the agency defense "if some evidence, however slight...support[s] the inference that the supposed agent was acting, in effect, as an extension of the buyer." Ortiz, 76 N.Y.2d at 448 (quoting People v. Argibay, 45 N.Y.2d 45, 55). However, "[if] no reasonable view of the evidence supports a finding of the defense, the issue need not be submitted to the jury." Id. at 448. The Report found that no reasonable view of the totality of evidence weighs in favor of an agency instruction. This Court agrees. Construed in the light most favorable to Petitioner, the evidence precludes any reasonable inference that Petitioner acted solely as an agent of the buyer during the drug transaction at issue. Thus, the Report did not err in applying the "however slight" standard in its analysis of Petitioner's entitlement to an agency instruction.

### 3. The Trial Court's Refusal To Give An Agency Instruction Did Not Violate Petitioner's Due Process Rights

Petitioner objects to the R&R's finding that the trial court's withholding of an agency charge did not violate his due process right to a fair trial. This Court disagrees. A defendant's right to due process is violated when a trial court's withholding of an agency instruction to which the defendant was entitled was "sufficiently harmful to make the conviction unfair." Cupp v. Naughten, 414 U.S. at 147. However, "[d]ue process does not require the giving of a jury instruction when such a charge is not supported by the evidence." Banks v. Conway, 2009 WL 5103123, at *10 (S.D.N.Y. Dec. 17, 2009) (citing Blazic v. Henderson, 900 F.2d 534, 541 (2d. Cir. 1990)).

Petitioner argues that the trial court's withholding of an agency instruction violated his right to due process because it erroneously deprived him of his only defense to the charge of criminal sale of narcotics. (Pet'r's Br. at 20). A defendant's right to due process is violated when "the effects of a [trial] court's error were to deprive [him] entirely of his defense-on which he had a significant possibility of prevailing-and to [e]nsure his conviction." Davis v. Strack, 270 F.3d 111, 132 (2d Cir. 2001).

13

However, Petitioner was not entitled to an agency charge under New York law as discussed above. Thus, the trial court's refusal to give an agency instruction did not violate Petitioner's due process right to a fair trial. Accordingly, for the reasons stated above and the reasons enumerated in the R&R, this Court adopts the recommendation that this claim be denied.

### 4. The Trial Court's Withholding Of An Agency Charge Does Not Support Habeas Relief

A Petitioner is entitled to habeas relief if a trial court's decision is premised on either an unreasonable application of clearly established federal law, or an unreasonable factual determination. 28 U.S.C. § 2254(d)(1)(2). This Court finds that because the trial court did not err in withholding an agency charge, Petitioner is not entitled to habeas relief. Accordingly, this Court concludes that he is not entitled to federal habeas corpus relief under 28 U.S.C. § 2254(d)(2).

Petitioner argues that he is entitled to habeas relief because the Appellate Division's affirmance of the trial court's withholding of an agency charge constituted a violation of clearly established federal law. This is not so. The Second Circuit has held that affirmance of a trial court's withholding of an agency charge violates federal

14

due process standards when the evidence "clearly show[s] entitlement to have the jury instructed on [an] agency defense." Harris v. Alexander, 548 F.3d 200, 206 (2d Cir. 2008). However, because no reasonable view of the evidence supports an inference that Petitioner acted as the agent of the buyer, Petitioner was not entitled to an agency charge at trial. Thus, the Appellate division did not violate Petitioner's federal due process rights by affirming his conviction for criminal sale of narcotics.

Petitioner argues also that he is entitled to habeas relief under § 2254(d)(2) because the Appellate Division made an unreasonable determination of fact in ruling that "no reasonable view of the evidence" supports the conclusion that Petitioner was entitled to an agency instruction. (Pet'r's Br. at 21). This Court disagrees. It is undisputed that Petitioner led an undercover officer – a complete stranger – to a location sixteen blocks away from their initial encounter, purchased narcotics purportedly on behalf of the officer, and unilaterally retained one-third of the purchased crack cocaine. Viewed in the light most favorable to Petitioner, the totality of evidence in fact provides no reasonable basis upon which to infer that Petitioner acted solely as the buyer's agent. Thus, the Appellate Division did not make an erroneous, let

15

alone unreasonable, finding of fact in ruling that Petitioner was not entitled to an agency charge. Accordingly, for the reasons stated above and the reasons enumerated in the R&R, this Court adopts the recommendation that this claim be denied.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation of Magistrate Judge Dolinger in its entirety, overrules Rose's objections and DENIES Rose's Petition for a Writ of Habeas Corpus.  Because Rose has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of the Court is directed to close this case.

**SO ORDERED:**

Barbara S. Jones
**UNITED STATES DISTRICT JUDGE**

Dated:    New York, New York
          August 18, 2011

17